## STANG v INDUSTRIAL COMMISSION

Ohio Appeals, 9th Dist, Lorain Co

No 786.   Decided Nov 13, 1936

Levin & Levin, Lorain, for appellant.

John W. Bricker, Attorney General, Columbus, Herbert W. Mitchell, Asst. Atty. Gen., Columbus, and Howard R. Butler, Prosecuting Atty., Elyria, for appellee.

## OPINION

By STEVENS, J.

This cause is before this court upon appeal on questions of law. Reference will be made to the parties as they appeared in the trial court. The action was one for the recovery of death benefits under the provisions of the Workmen's Compensation Act.

The plaintiff is the widow of Harvey V. Stang, deceased, who, during his lifetime, was an employee of the Thew Shovel Company of Lorain, Ohio. As a part of the record in the case, there is contained a stipulation wherein it was agreed that said Harvey V. Stang was employed by the Thew Shovel Company during the year 1926; that on July 6, 1926, while engaged in his employment, he sustained a trauma to his left leg, for which he was paid compensation until August 20, 1926; that he thereafter returned to his work and worked steadily until March 22, 1929, when, by reason of the collapse of the house upon a shovel, he fell and fractured the oscalcis of his left foot; that he filed a claim for compensation for said injury, which was allowed, and compensation thereon paid until May, 1931, and thereafter he was paid compensation upon a permanent partial disability basis, from June 1, 1931, for a 20% loss of function of said foot; that said Harvey V. Stang died on February 14, 1933; and that within two years subsequent to his death, application for compensation for death benefits was filed by the plaintiff, which application was disallowed.

After denial of claimant's application, application for a rehearing was filed and denied, and the present action was instituted in the Common Pleas Court.

It was further stipulated that on July 1, 1932, an application for modification of award was filed by said Harvey V. Stang, and was disallowed on September 16, 1932, for the reason that the commission found said claimant to have been adequately compensated for whatever impairment he had sustained as a result of the injury to the left foot.

Upon trial by a jury, a unanimous verdict was returned by the jury for the plaintiff. After the return of said verdict, the defendant filed a motion for judgment notwithstanding the verdict, which was grant-

ed by the trial court, and final judgment was rendered in behalf of the defendant. To reverse the judgment so rendered, the case comes before this court.

It must be remembered that courts and juries, in determining issues of fact, deal in probabilities and not possibilities. The most that can be said for the claimant's evidence in this case is that the injury sustained by decedent on March 22, 1929, might **possibly** have been a contributing cause to the death of said decedent. At no place in the evidence of either plaintiff or defendant is there any testimony that the death of said Harvey V. Stang was **probably** caused or contributed to by said injury, or by the injury sustained in 1926.

Such being the case, it was the manifest duty of the court to have sustained the defendant's motion to direct a verdict in favor of the defendant made at the conclusion of the plaintiff's evidence, and also at the conclusion of all of the evidence, there having been no dispute between the testimony of plaintiff's and defendant's witnesses on the question of the probability of such injuries causing or contributing to the death of said decedent, and all of said experts agreeing that it was not probable but merely possible that said injuries caused or contributed to the death of said decedent.

This case, having been tried subsequent to the effective date of §11601, GC, which is a statute remedial in its nature, the court, in reliance thereupon, despite the verdict of the jury for the plaintiff, was, under the provisions of said statute, entitled to render judgment in favor of the defendant where, in the judgment of the court, said court was of the opinion that reasonable minds could not reasonably reach any conclusion except one adverse to the claim of the plaintiff, and that, by reason thereof, the defendant was entitled by law to a judgment in its favor.

This section of the statute authorized the court to do what it did do in the instant case. We find no error therein. The judgment is affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.